SUMMARY ORDER

Angela J. Martel appeals from a judgment of the United States District Court for the District of Connecticut (Eginton, J.) dismissing her § 1983 suit against South Windsor police officer Richard A. Watrous on grounds of qualified immunity. Martel was arrested and tried for the burglary of her aunt’s home, but was acquitted by a jury. She subsequently filed suit against Watrous and the Town of South *664 Windsor, alleging, inter alia, false arrest and seeking damages for violation of her federal and state constitutional rights. The district court ruled that Watrous was entitled to qualified immunity with regard to Martel’s federal claims because it was objectively reasonable for Watrous to act as he did in arresting Martel. On appeal, Martel argues that Watrous’s actions were not objectively reasonable. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
“An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.” Golino v. New Haven, 950 F.2d 864, 870 (2d Cir.1991). “[Pjrobable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.” Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir.2007) (internal quotation marks omitted).
“Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officer[ ] to believe that there was probable cause, and a plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden.” Golino, 950 F.2d at 870 (citations omitted). “In order to mount such a challenge, the plaintiff must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause.” Id. (internal quotation marks omitted).
Martel has failed to discharge this heavy burden. She first attacks Watrous’s subjective belief that the written confession signed by Grant (the actual burglar) implicating Martel was truthful, arguing that the record contains no evidence indicating that Watrous actually believed Grant, and suggesting that in any case Watrous’s mental state is a fact for the jury. But the mere assertion that Watrous may not have believed Grant’s confession is insufficient. See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir.2008) (“A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory.”).
Martel next argues that Watrous could not have reasonably relied on her aunt’s statements implicating Martel because these amounted to “rank speculation, unsubstantiated suspicions, raw conjecture and naked assumption.” However, the aunt adduced reasons to support her suspicions. And “[wjhen information is received from a putative victim ... probable cause exists unless the circumstances raise doubt as to the person’s veracity.” Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir.2001) (citation omitted). Martel has pointed to nothing in the record that would call her aunt’s truthfulness into question, and Watrous was therefore entitled to rely on the aunt’s information in determining probable cause.
Finally, Martel suggests that Watrous either disregarded or failed to appreciate certain exculpatory evidence. But there is no evidence to show that Watrous either knowingly or recklessly included false information in the warrant affidavit or omitted relevant information.
*665 Accordingly, we hereby AFFIRM the judgment of the district court.